IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Jeremiah John Red Tomahawk,<br><br>Defendant. | Case No. 1:24-cr-00208 |

ORDER DENYING MOTIONS FOR ACQUITTAL,
TO SET ASIDE VERDICT, AND NEW TRIAL

[¶ 1]   THIS MATTER comes before the Court on Motions for Acquittal, to Set Aside Verdict, and for New Trial filed by the Defendant on October 19, 2025. Doc. Nos. 143–44. The United States filed Responses on October 27, 2025. Doc. Nos. 145–46. The Defendant filed Replies on October 31, 2025. Doc. Nos. 148–49. For the reasons set forth below, all Motions are **DENIED**.

## BACKGROUND

[¶ 2]   An Indictment charged the Defendant in Count One with Aggravated Sexual Abuse by Force, Count Two with False Statements, and Count Three with False Statements. Doc. No. 14. The Defendant persisted in his not guilty plea and the jury trial commenced on October 2, 2025. At the close of testimony, the Defendant made an oral motion for acquittal. The Court heard arguments from the Parties and denied the Defendant's oral motion. On Counts One, Two, and Three the jury found the Defendant guilty of Sexual Abuse by Force and both False Statement charges. Doc. No. 137.

## DISCUSSION

[¶ 3]   The Defendant argues he is entitled to a judgment of acquittal because insufficient evidence exists to sustain the verdicts, prosecution blamed the Defendant for lack of evidence, and the prosecution mischaracterized evidence in the closing arguments.

### I.   Motion for Judgment of Acquittal

[¶ 4]   Once a verdict has been reached by a jury, a defendant may file a Motion of Judgment of Acquittal or renew a motion made during trial due to the insufficiency of the evidence. See Fed. R. Crim. P. 29(c). The Court reviews a motion based on the sufficiency of the evidence *de novo*. United States v. Mayer, 674 F.3d 942, 944 (8th Cir. 2012). The Court must view the evidence in the light most favorable to the verdict. Id. All conflicts must be resolved in the prevailing party's favor. Id. "Reversal is warranted only if no reasonable jury could have found guilt beyond a reasonable doubt." Id. (quoting United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012)).

[¶ 5]   Courts have "very limited latitude" in deciding a motion for acquittal. United States v. Baker, 367 F.3d 790, 797 (8th Cir. 2004). "The district court is not to weigh the evidence or assess the credibility of witnesses." Id. Likewise, the Court may not resolve conflicting testimony. United States v. Hemphill, 544 F.2d 341, 344 (8th Cir. 1976). Such inquiries are solely within the province of the jury. United States v. Coleman, 525 F.3d 665, 666 (8th Cir. 2008).

#### a.   Sufficiency of the Evidence

[¶ 6]   The Defendant's sufficiency of the evidence claims are essentially the same arguments he raised at the close of evidence at trial. The Court observed all the testimony at trial and has reviewed the entire record in this case. The conclusion remains the same. There was sufficient evidence at trial to support the guilty verdicts on Sexual Abuse by Force and False Statements. Nothing in the present motion changes that conclusion.

### b. Blaming the Defendant

[¶ 7]     The Defendant argues the United States blamed him "for the lack of evidence and defense witnesses were to blame for the poor investigation." Doc. No. 143, p. 17. The United States did not respond. See Doc. No. 145. Some of this argument falls under sufficiency of the evidence above; however, to the extent this implies impermissible burden shifting, the Court will address the United States's closing argument.

[¶ 8]     The United States may not distort its burden of proof during closing arguments. United States v. Reed, 724 F.2d 677, 681 (8th Cir. 1984). It is for the jury to decide why discrepancies exist and if they are purposeful or innocent. See id.

[¶ 9]     During the United States's closing argument, the prosecutor made repeated references to the testimony of both government and defense witnesses. Doc. No. 155, 3:23–21:20. She discussed the credibility of these witnesses and attacked the Defendant's arguments by repeatedly stating that they are not supported by the evidence. Id. Certainly, the United States may comment on the evidence presented by the defense. The Defendant chose to present a defense and, therefore, entered "a reliable adversarial testing process" where evidence is attacked. Strickland v. Washington, 466 U.S. 668, (1984). The Court finds no evidence the prosecutor shifted the burden during closing and, therefore, this argument fails.

### c. Mischaracterization of Evidence

[¶ 10]    The Defendant argues the prosecution mischaracterized evidence during its closing by calling M.T.S.'s bruises "fresh," misstating the Defendant's breathalyzer test during the interview, and making arguments inconsistent with those put forth earlier in trial. Doc. No. 143. The United States argues no objection was made during trial and, therefore, the argument is waived. Doc. No. 145.

[¶ 11] In order to be "improper," comments during a closing argument must be "plainly unwarranted and clearly injurious." Griffin v. Hilke, 804 F.2d 1052, 1057 (8th Cir. 1986). Further, failing to object waives such an objection. Billingsley v. City of Omaha, 277 F.3d 990, 997 (8th Cir. 2002).

[¶ 12] The Defendant did not object during the United States's closing argument. See Doc. No. 155, 3:23–21:20. Therefore, these arguments are waived. However, even considering the merits, the comments made during closing do not rise to the level of "plainly unwarranted and clearly injurious." Griffin, 804 F.2d at 1057. The word was used one time, Doc. No. 155, p. 7:12, and in the face of the rest of the physical evidence, is unlikely to have prejudiced the Defendant to any great degree.

[¶ 13] As to the breathalyzer results, the prosecutor stated it was 0.098 during the interview, "just barely above the legal limit for driving," which the Defendant argues was mischaracterizing the evidence. Doc. No. 155, p. 17:8–9.

[¶ 14] Defense Counsel rebutted the United States's characterization of the evidence in her response by highlighting that the result came from the end of the interview, naming the other test results, and highlighting the difference between that amount and the legal limit to drive. Doc. No. 155, pp. 33:8–17, 34:5–10. Any injury of these statements was effectively cured during this rebuttal. See Keller Farms, Inc. v. McGarity Flying Service, LLC, 944 F.3d 975, 985 (8th Cir. 2019) (holding that counsel's rebuttal can cure prejudicial comments).

[¶ 15] Finally concerning the allegation of inconsistent arguments, Defendant argues the United States should not have given an alternate, and previously unmentioned, explanation for why the Defendant's DNA was not found on the underwear. Doc. No. 143, p. 19.

[¶ 16]   The "cardinal rule of closing argument is that counsel must confine comments to evidence in the record and to reasonable inferences from that evidence." Gilster v. Primebank, 747 F.3d 1007, 1011 (8th Cir. 2014) (quoting Whittenburg v. Werner Enter., Inc., 561 F.3d 1122, 1128–29 (10th Cir. 2009)). The Defendant's DNA was on the sides of M.T.S.'s underwear; the Defendant argued one explanation for that result and the United States argued an alternative explanation. Doc. No. 31:6–32:5, 47:1–23, 51:3–13. Both are reasonable inferences based on the evidence. Both parties suggested reasons for why there was no other forms of DNA on the underwear. It was the Defendant's strategic trial choice to take the stand and allege a past sexual history between himself and M.T.S., which M.T.S. denied. The United States used that information to form new inferences to interpret the evidence. There is no law the Court is aware of limiting alternative reasonable inferences. It was for the jury to decide which to believe. And they did. Therefore, this argument fails and the Motion for Acquittal and to Set Aside the Verdict is **DENIED.**

## II.     New Trial

[¶ 17]   The Defendant also argues he is entitled to a new trial for due process violations, improper admission of 404(b) evidence, and "questionable exhibits" from the United States. See Doc. Nos. 144, 146. The Court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

### A.     Due Process Violations

[¶ 18]   The Defendant argues plain error occurred when Defense Counsel was unaware she would be introducing herself to the jury and her lack of preparation gave the United States more credibility. Doc. No. 144, p. 2. The Court is not clear on how this constitutes any violation of the Defendant's due process rights, and the Defendant does not cite any caselaw in his brief. However, Defense Counsel had the entire time the United States conducted their questioning to draft an

introduction, which is more time than is often available for a response to something unexpected during trial. Further, Defense Counsel related to the jury her work experience just as the prosecution did. Counsel made a strategic choice to tell the jury she was unprepared and that it was her first trial, perhaps garnering some patience and leniency from them in the process. Therefore, this argument fails.

[¶ 19] The Defendant argues the prosecution's speculation about evidence improperly influenced the jury so that they did not decide "solely on the basis of the evidence presented." See United States v. Young, 470 U.S. 1, 18 (1985). The Defendant does not cite specific examples of what the prosecution said, except for the next argument which is that attacking the credibility of defense's witnesses was improper during closing.

[¶ 20] The Court has reviewed the record and found no instances of improper speculation. Both the defense and prosecution gave vigorous representation to their positions by attacking the other side's theory of the case and interpretation of the evidence or lack thereof, as Defense Counsel did when she speculated as to why the forensic exam was not completed. See Doc. No. 155, p. 28:17–24. Both attorneys attacked the credibility of the other side's witnesses, that is the point of trial. And both attorneys told the jury it was their decision on who to believe during closings. Id. at 18:24–19:2, 28:25–29:1. Therefore, the Court does not find this argument to have merit.

### B. 404(b) Evidence

[¶ 21] The Defendant's arguments regarding the admission of an interview with him that included his prior activity in a gang and an unrelated criminal matter were argued before trial. See Doc. Nos. 106, 122. The Court has reviewed the entire record, and the conclusion remains the same. This evidence was admissible.

### C.    Exhibits

[¶ 22]    The Defendant makes a veiled claim of a <u>Brady</u> violation concerning photos from the forensic exam without actually citing any caselaw, arguing the photos available during the trial had been "blurred" and did not appear the same as when they were previously viewed. Doc. No. 144, pp. 4–5.

[¶ 23]    To establish a <u>Brady</u> violation a defendant must have material evidence, suppressed by the prosecution, favorable to the defendant. <u>Mandacina v. United States</u>, 328 F.3d 995, 1001 (8th Cir. 2003). The Defendant has proved none of these. The photos were available, Defense Counsel made a strategic decision not to use the version available, did not voice her concerns with the Court, did not ask for a recess to investigate, and did not object in any way. <u>See</u> Doc. Nos. 144, 146. Therefore, the Defendant's argument fails on this front as well. For the foregoing reasons, the motion for new trial is **DENIED.**

### CONCLUSION

[¶ 24]    For the reasons set forth above, the Defendant's Motions for Judgment of Acquittal, to Set Aside Verdict, and Motion for New Trial (Doc. Nos. 143–44) are **DENIED**.

[¶ 25]    **IT IS SO ORDERED**.

DATED December 2, 2025.

_____
Daniel M. Traynor, District Judge
United States District Court