IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMIAH RED TOMAHAWK,<br><br>Defendant. | Case No. 1:24-cr-00208<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, and Brandi Sasse Russell, Assistant United States Attorney, hereby files this memorandum in support of its sentencing recommendation.

The United States believes that a high-end sentence of 235 months is warranted under the circumstances (235 months on Count One and 96 months on Counts Two and Three, to run concurrently). If any supervised release is ordered, the United States requests it be for ten years on Count One and three years on Counts Two and Three (concurrent) on a term of conditions of supervised release based on an individualized assessment of the defendant. The United States further requests the Court order the $300 in special assessments and any restitution.

### A. BACKGROUND

On October 8, 2025, a jury found Jeremiah Red Tomahawk guilty of one count of Aggravated Sexual Abuse by Force, in violation of 18 U.S.C. §§ 2241(a)(1) and 1153, and two counts of False Statements, in violation of 18 U.S.C. § 1001. (Doc. No. 137.) Sentencing is scheduled for 2:30 pm on Tuesday, February 24, 2026. (Doc. No. 157.)

## B. SENTENCING GUIDELINE RANGE

A pre-sentence investigation report was filed and established a sentencing guideline range of 188-235 months based upon a total offense level of 36 and criminal history category I. (Doc. No. 162.) The United States provided no objections to the USPO guideline calculations. Defendant objected to the Offense Conduct section and the application of the 2-point adjustment for obstruction of justice. Defendant's objections should be denied as defendant was found guilty of the offense conduct by a jury and the obstruction of justice enhancement is appropriate.

### 1. *Defendant's Objection to the Offense Conduct Section Should be Overruled Based upon the Evidence Introduced at Trial.*

Red Tomahawk objected to the Offense Conduct section of the PSR based upon his continued assertion of innocence. Once a defendant objects to a factual allegation in the presentence report, the court must rule on the dispute or determine that no such finding is necessary because the matter will not affect sentencing or because the court will not consider the matter in sentencing. Fed. R. Crim. P. 32(i)(3)(b). The Court is familiar with the testimony and evidence in this case, having presided over the trial. Therefore, it "need not hold an evidentiary hearing to resolve factual objections" and "may base its findings of fact on the trial record." *United States v. Marshall*, 92 F.3d 758, 760–61 (8th Cir. 1996). This Court can find that each of the facts contained in paragraphs 4-10 of the PSR are supported by the testimony and evidence presented at trial which resulted in the jury finding, beyond a reasonable doubt, that defendant is guilty of Aggravated Sexual Abuse by Force and False Statements.

## 2. *Application of the Obstruction of Justice Adjustment is Appropriate.*

The offense level applicable to Count One (Aggravated Sexual Abuse by Force) should be increased by two levels, under USSG § 3C1.1, since Red Tomahawk provided "a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." PSR ¶ 13.

Where "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice *with respect to the investigation*, prosecution, or sentencing of the instance offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense," the offense level is increased "by 2 levels." USSG § 3C1.1 (emphasis added).

Providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense, is an example of such conduct. Commentary to U.S.S.G. § 3C1.1 at Application Note 4(G). *See United States v. Penn*, 974 F.2d 1026 (8th Cir. 1992) (two-level enhancement on basis of obstruction was proper based upon defendant's statements that he did not own duffel bag in which marijuana was found); *United States v. John H. Sitting Bear*, 436 F.3d 929 (8th Cir. 2006) (misleading story in attempt to place blame elsewhere was material to investigation); *United States v. Melton*, 870 F.3d 830 (8th Cir.

3

2017) (obstruction of justice applied when defendant obfuscated truth forcing agents to expend additional time and resources investigating his statements).

In this case, the PSR correctly recognizes as a factual matter that Red Tomahawk "knowingly made false statements to federal agents during the investigation into the underlying sex offense." PSR ¶ 22. This finding is firmly supported by evidence presented at trial, including but not limited to the testimony of Special Agents Wyatt Garber and Brett Fischer. Red Tomahawk specifically provided false statements by lying about having contact with the minor victim and her presence in his residence. His statements were purposefully made to thwart the investigation of the offense of sexual assault, justifying a two-level enhancement for obstruction of justice under section 3C1.1.

## C. SECTION 3553(A) FACTORS

In sentencing a defendant convicted of a crime, a court must impose a reasonable sentence upon the defendant after consideration of all the sentencing factors contained within 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220 (2005). The Court shall consider seven factors in determining a sentence that is sufficient, but not greater than necessary. 18 U.S.C. § 3553(a). Those factors include: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kinds of sentences available; 4) the kinds of sentence and the sentencing range established; 5) any pertinent policy statement(s); 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense. *Id.* The district court has wide latitude to weigh [these] §

3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence. *United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010) (cleaned up).

The Court should find that the sufficient but not greater than necessary sentence considering the relevant statutory sentencing factors, is a sentence of 235 months in prison. The nature and circumstances of the offense and the need for the sentence imposed to provide for just punishment, public protection, and deterrence are paramount factors in this case.

### 1. *The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.*

Red Tomahawk's sentence should reflect the serious nature of the offense – a forceful sexual assault to a minor victim and obstruction of the investigation by providing false statements to federal law enforcement agents. Red Tomahawk forced a 17-year-old minor victim to engage in a sexual act while at his residence. He pulled the minor victim into his room, restrained her by forcing her down on the bed, held her arms, and forced his fingers and penis in her vagina. The minor victim fled the residence without her shoes, crying, and ran to her aunt's house. She was in emotional distress, screaming and crying, and in pain because of the assault.

In addition to the sexual assault, Red Tomahawk provided false statements to federal law enforcement officers. When interviewed regarding the sexual assault of the minor victim, Red Tomahawk initially denied knowing the victim and then told them the victim was his ex who he had not seen in a "fat minute." Red Tomahawk continued to

mislead agents by telling them that the minor victim was never in his bed, nor his room, and that she never came over that night.

In addition to his conduct and the resulting harm, this Court should consider Red Tomahawk's violent criminal history. Prior to the instant offense, he was sentenced in tribal court for charges of Conspiracy, Aggravated Assault, Disorderly Conduct, and MIC in relation to a stabbing. PSR ¶ 33 (defendant and co-defendants assaulted victim by stabbing him in the back with a switchblade and defendant stated "drill his shit" before the group assaulted the victim). In addition, Red Tomahawk has been involved in gang activity, admitting belonging to "Only the Family" or "OTF".  PSR ¶ 39, 49. (defendant admitted incurring negative attention at school from rival gang members and other enemies due to OTF membership). While incarcerated and pending trial, jail staff confiscated writings made by Red Tomahawk depicting which appear to be gang related and includes a step-by-step way to commit murder. *See* Exhibit 1.

A high-end sentence is also appropriate given the defendant's lack of remorse. *See United States v. Sweat*, 573 F. App'x 292, 298 (4th Cir. 2014) (holding "[l]ack of remorse certainly is a fact that a district court can consider in its evaluation of the § 3553(a) factors."); *see also United States v. Hill*, 643 F.3d 807, 882–83 (11th Cir. 2011) (finding defendant's lack of remorse is an aggravating factor that a court may consider in imposing sentence); *United States v. Cruzado-Laureano*, 527 F.3d 231, 237 (1st Cir. 2008) (rejecting an argument that refusal to acknowledge commission of criminal acts and lack of remorse is prohibited from consideration at sentencing); *United States v. Overbey*,

696 F.3d 702, 706 (8th Cir. 2012) (affirming upward variance based, in part, on defendant's lack of remorse).

He was interviewed by law enforcement after the sexual assault. He initially denied knowing the minor victim and then denied she was ever at his residence. This is all in direct contradiction to the testimony and evidence presented at trial, including the testimony of the defendant's own witnesses. Furthermore, ample evidence, to include video, DNA, SANE, and witness testimony supported the sexual assault. To date, Red Tomahawk has been unwilling to accept any responsibility for his conduct and has never expressed concern for the victim or remorse for his actions. In fact, Red Tomahawk still maintains his innocence, and he is the victim.

Accordingly, the Court should impose a significant period of incarceration based upon the nature and circumstances of the crime, his criminal history, and his conduct.

## 2. *The Need for the Sentence Imposed.*

### a. *To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

The case before the Court involves a charge of Aggravated Sexual Abuse by Force – a serious offense in federal criminal law. Accordingly, the need to promote respect for the law is extremely important, especially in a case like the one before the Court. Moreover, it involves the sexual assault of a 17-year-old victim. The facts and circumstances from the trial demonstrate the need for the Court to impose a lengthy period of incarceration. Although Red Tomahawk is young, he has a prior tribal criminal history which includes his involvement in a stabbing approximately two months prior to

7

the instant offense. His repeated perpetration suggests a lack of respect for the law warranting a lengthy sentence here.

### b. To afford adequate deterrence to criminal conduct.

A high-end sentence will afford adequate general and specific deterrence. The public should know that committing a forceable rape and providing false statements to federal law enforcement officers brings a just and firm consequence.

Testimony at trial and the PSR exhibits the defendant's substance abuse, which includes a history of alcohol, marijuana, methamphetamine, and fentanyl. PSR ¶ 43-48. Red Tomahawk was using alcohol during the instant offense and used other substances relatively consistently until he was 18 years old. In summary, the defendant's violent history and his chronic substance use makes him a significant danger to the public. In addition, Red Tomahawk's confiscated jail writings discussing how to commit murder and gang affiliation, past or present, is a safety concern for the general public and potential future victims is a factor.

### c. To protect the public from further crimes of the defendant.

As noted above, the concern of the United States is that of the safety of the general public. The defendant has a criminal history and substance abuse history, which shows a pattern of escalating assaults.

### d. To provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Red Tomahawk last attended the 9th grade through Fort Yates High School. PSR ¶ 49. In his presentence interview, he expressed that he is interested in pursuing his GED

and would also like to look into trade school programs. *Id*. Red Tomahawk was not employed at the time of the instant offense and does not have a formal work history. PSR ¶ 50. Red Tomahawk indicated he had only engaged in some outpatient programming for substance abuse treatment in Fort Yates when he was 16, however, he did not complete the programming despite his extensive substance abuse history. He indicated he is interested in participating in both substance abuse and mental health treatment. *Id*. at ¶¶ 42, 48. The United States is requesting the Court recommend controlled substance and mental health treatment while incarcerated with the Bureau of Prisons, so long as the Court does not impose or lengthen the term of imprisonment, to enable defendant to complete a treatment program or otherwise to promote rehabilitation. *See Tapia v. United States*, 564 U.S. 319, 335 (2011).

    **3.**   ***The Kinds of Sentences Available.***

Regardless of how the Court decides the adjustments, given the base offense level and his criminal history, the advisory guideline range falls within Zone D. "If the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment." USSG § 5C1.1(f). "[T]he minimum term must be satisfied by a sentence of imprisonment without the use of any of the imprisonment substitutes in subsection (e)." USSG § 5C1.1 Commentary Application Notes. Cases in which sentencing guidelines fall within Zone D, like the case before the Court, the Sentencing Commission has deemed imprisonment most appropriate for individuals with this offense behavior. Therefore, incarceration followed by a period of supervision is the best-suited sentence for this sentencing range.

4. *The Kinds of Sentence and the Sentencing Range Established.*

Red Tomahawk was convicted of One Class A felony, punishable by up to life in prison and two Class D felonies, punishable by up to eight years in prison. PSR at p. 1. Defendant is ineligible for probation because of his offenses of conviction. PSR ¶ 60. The most appropriate sentence is a high-end sentence.

5. *Any Pertinent Policy Statement.*

The United States has not identified any pertinent policy statement in the Sentencing Guidelines that supports a lesser sentence.

6. *The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.*

The relevant factors do not weigh in favor of sentencing Red Tomahawk below the guidelines, which were adopted to sentence similarly situated defendants. Conversely, there is no evidence before the Court that a sentence within the guideline range would lead to an unwarranted sentence disparity among defendants with records similar to the defendant who have been found guilty of similar conduct.

7. *The Need to Provide Restitution to Any Victims of the Offense.*

Restitution is applicable, but at the time of this memorandum, no request has been made. However, the need and opportunity for repayment of restitution does not outweigh any sentence necessitated by consideration of the other sentencing factors.

Based upon the foregoing reasons, the United States respectfully requests the Court impose a sentence of 235 months, a 10-year term of supervised release, and special assessments of $300.

Dated: February 20, 2026

                                    NICHOLAS W. CHASE
                                    United States Attorney

By:   */s/ Brandi Sasse Russell*
        BRANDI SASSE RUSSELL
        Assistant United States Attorney
        ND Bar ID 05661
        P.O. Box 699
        Bismarck, ND  58502-0699
        (701) 530-2420
        brandi.russell@usdoj.gov
        Attorney for United States