IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Jeremiah John Red Tomahawk,<br><br>　　　　　　　　　　　Defendant. | Case No. 1:24-cr-00208 |

ORDER DENYING MOTION TO AMEND JUDGMENT

[¶ 1]　THIS MATTER comes before the Court upon a Motion to Amend Judgment filed by the Defendant on February 28, 2026. Doc. No. 178. The United States filed a Response on March 3, 2026. Doc. No. 181. The Defendant filed a Reply on March 6, 2026. Doc. No. 183.

[¶ 2]　On February 24, 2026, the Court sentenced the Defendant to "12 MONTHS and 1 DAY, with credit for time served, on Count 1 and TIME SERVED on each of Counts 2 and 3, all counts concurrent with one another." Doc. No. 168. He had been detained in federal custody since November 27, 2024. Doc. No. 162, p. 4. Defendant appealed the Judgment on February 25, 2026. Doc. No. 172.

[¶ 3]　Rule 35(a) of the Federal Rules of Criminal Procedure allow a court to "correct a sentence that resulted from arithmetical, technical, or other clear error." Generally, the filing of an appeal divests the district court from jurisdiction. United States v. Ledbetter, 882 F.2d 1345, 1347 (8th Cir. 1989) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam)) (analyzing a previous version of Rule 35). However, Federal Rule of Appellate Procedure 4(b)(5) states a notice of appeal "does not divest a district court of jurisdiction to correct a sentence

under Federal Rule of Criminal Procedure 35(a)." Federal Rule of Criminal Procedure 36 concurs: "[T]he court may at any time correct a clerical error in a judgment."

[¶ 4]    A calculation for a term of imprisonment is governed by 18 U.S.C. § 3585. "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585.

[¶ 5]    The Defendant states that BOP will use the time served to satisfy Counts 2 and 3, and require Defendant to serve the 12 Months and 1 Day on Count 1. Doc. No. 178. It seems BOP considers the sentence of "TIME SERVED" on Counts 2 and 3 to supersede the "credit of time served" on Count 1. However, the time for all three Counts would have begun at the same time since the Defendant was convicted of all three on the same day. See Doc. No. 137 (jury verdict). The time the Defendant spent in custody had "not been credited against another sentence" because he was in federal pretrial custody and was never convicted of a tribal or state offense on the underlying conduct for which that pretrial time was spent. Therefore, the Defendant ought to receive credit for time served on Count 1 first, as noted in the judgment, and then receive the remaining credit for time served on Counts 2 and 3.

[¶ 6]    The Court has reviewed the entire record and finds no error in the judgment of this Court. The error lies in the interpretation of it by the BOP. Accordingly, the Defendant's Motion to Amend Judgment is **DENIED**. The Court further **ORDERS** BOP to apply the time served as dictated by statute.[1]

---

[1] If this error persists, the Defendant has alternative grounds for relief. See, e.g., D.P.S. v. United States, 456 F. Supp. 2d 1108, 1115 (D.N.D. Oct. 19, 2006) (granting a defendant's Habeas Corpus relief and directing BOP to recalculate sentence); United States v. Gonzales, 192 F.3d 350, 353 (2d Cir. 1999) (remanding to correct sentence).

- 3 -

[¶ 7]  **IT IS SO ORDERED.**

DATED March 9, 2026.

_____
Daniel M. Traynor, District Judge
United States District Court