**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

United States of America,

Plaintiff,

vs.

Jeremiah John Red Tomahawk,

Defendant.

Case No. 1:24-cr-00208

---

**INDICATIVE ORDER ON MOTION FOR NEW TRIAL**

---

[¶ 1]   THIS MATTER comes before the Court on a Motion for Indicative Ruling on a Motion for New Trial filed by the Defendant on June 1, 2026. Doc. Nos. 198, 224. The United States filed a Response on June 29, 2026. Doc. No. 207. The Defendant filed a Reply on July 6, 2026. Doc. No. 223.

[¶ 2]   On February 25, 2026, the Defendant appealed the jury's verdict to the Eighth Circuit. Doc. No. 172 (Case No. 26-1369). Generally, the filing of an appeal "divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); see also United States v. Ledbetter, 882 F.2d 1345, 1347 (8th Cir. 1989) (holding that Griggs "applies with equal force to criminal cases").

[¶ 3]   Under Federal Rule of Criminal Procedure 37(a) "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal" a court may issue an indicative ruling if the court would otherwise grant the motion. The Court will issue an indicative ruling. For the reasons set forth below, the Court would **GRANT** the motion if the court of appeals remands the case for that purpose.

**DISCUSSION**

[¶ 4]    Federal Rule of Criminal Procedure 33(a) allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." If on appeal, the court must wait for a remand to grant the motion. Fed. R. Crim. P. 33(b). If the motion is based on new evidence, the defendant has three years to file. Id.

[¶ 5]    The Defendant argues a new trial is warranted based on additional DNA testing that shows no vaginal epithelial cells on the penal swab, which disproves a conviction of sexual assault with penile penetration. Doc. No. 198. The United States argues the new evidence does not meet the high bar required for a motion for new trial. Doc. No. 207.

[¶ 6]    The Eighth Circuit's test for a new trial based on newly discovered evidence is well established. See Johnson v. United States, 32 F.2d 127, 130 (8th Cir. 1927). A defendant must prove the evidence: (1) is newly discovered, (2) was diligently sought, (3) is more than merely cumulative or impeaching, (4) material, and (5) probable of resulting in an acquittal. Id.

[¶ 7]    The Defendant argues the post-trial DNA results are newly discovered because he did not know, prior to trial, that the sample could be tested for vaginal DNA. The United States argues the evidence is only newly available, and not newly discovered.

[¶ 8]    Factors one and two are intertwined. "Evidence is not newly discovered when 'the evidence could have been discovered earlier in the exercise of due diligence.'" United States v. Lazzaro, 129 F.4th 514, 531 (8th Cir. 2025) (quoting United States v. Bell, 761 F.3d 900, 911 (8th Cir. 2014)). "Where the factual basis for the motion existed, and ordinary diligence could have uncovered it, that evidence is not 'newly discovered.'" Id.

[¶ 9]    The evidence at issue there was photographs and text messages sent by the defendant, therefore known to him at the time, and he was only aware of the "actual context" of the photos after the trial. Id. at 532. The district court and Eighth Circuit denied this claim and agreed the

information was clearly known to the defendant at trial. See also United States v. Bell, 761 F.3d 900, 911 (8th Cir. 2014) (finding post-trial statements by a non-testifying witness were not newly discovered because the defendant knew about the person and chose not to have them testify at trial); United States v. Baker, 479 F.3d 574, 577–78 (same).

[¶ 10]  The United States argues the Court should follow the Western District of Kentucky's decision that held post-trial forensic testing was not newly discovered because the testing was available before trial. United States v. Sypher, No. 3:09-cr-00085, 2011 WL 579156, at *2 (W.D. Ky. Feb. 9, 2011). In Sypher, post-trial forensic testing of photographs and recordings available at trial were not newly discovered evidence because "[t]he forensic testing could have occurred–and any alleged discrepancies could have been discovered–well before the defendant's motion for a new trial was filed." Id. at *2. The court further noted that even if it was new evidence, it would not meet the standard for new trial because they "f[e]ll far short of demonstrating that either witness committed perjury." Id. at *3.

[¶ 11]  Here, emails on the record detail that a witness gave new information days before trial that suggested saliva would be present on the penal swab. Doc. Nos. 182-1; 223, pp. 2–3. The United States chose not to do further testing of the evidence. The Defendant has always alleged he has no knowledge of what happened on the evening in question. See, e.g., Doc. No. 223, pp. 2–3. The Defendant would be required to go through a private third–party lab, which requires advance funding. See Doc. No. 182-1. This detail is particularly significant because funding for public defenders had run out in July 2025. Funding Crisis Leaves Defense Lawyers Working Without Pay, USCOURTS (July 15, 2025), https://www.uscourts.gov/data-news/judiciary-news/2025/07/15/funding-crisis-leaves-defense-lawyers-working-without-pay. By October 1, 2025, the date of the emails and one day before trial, the entire federal government was in a shutdown while the Judiciary used alternative funding to stay open until October 17. Judiciary Still

Operating as Shutdown Starts, USCOURTS (Oct. 1, 2025), https://www.uscourts.gov/data-news/judiciary-news/2025/10/01/judiciary-still-operating-shutdown-starts. At that time the Defendant had already been held in custody since December 4, 2024. Doc. No. 12. Faced with continued detainment, uncertain funding approval, and no recollection of the events, the Defendant went forward with trial. Further, the Defendant had no knowledge before trial that a test for vaginal DNA was available. Doc. No. 223. The Defendant diligently pursued the additional DNA testing immediately after trial. Doc. No. 158. Therefore, the Court finds the DNA results are newly discovered and they were diligently sought.

[¶ 12]   The United States argues the evidence is not more than impeaching because he provides no proof that the lack of vaginal DNA indicates no intercourse occurred. Doc. No. 207, p. 7. The Court disagrees. Either the evidence impeaches Ms. Thunder Shield by proving intercourse did not occur, or it does not impeach her because intercourse is possible without the transference of vaginal DNA. But the United States does make two key points in their brief: the evidence is presented to contradict both the witness testimony and the forensic evidence submitted to the jury as part of this trial and the determination of whether a sexual assault occurred is reserved for a jury. See id. This DNA evidence is more than a witness recanting testimony. See United States v. Hollow Horn, 523 F.3d 882, 886 (8th Cir. 2008) (finding that a witness recanting after trial is merely impeaching). The evidence presented to the jury was that this was a forcible sexual assault, no evidence was presented of condom use, and the United States focused on the DNA evidence on the penal swab as evidence of sexual intercourse. This newly discovered evidence does far more than undermine the credibility of one witness: it contradicts the United States's entire theory of the case. Therefore, the evidence is not merely impeaching. For the same reasons, the Court finds the evidence material and capable of producing an acquittal.

- 5 -

[¶ 13]  The Court, therefore, finds the Defendant has met his burden to show the newly discovered evidence warrants a new trial under these circumstances.

## CONCLUSION

[¶ 14]  For the foregoing reasons, a motion by the Defendant a new trial would be **GRANTED** if the Court of Appeals remanded for this purpose. The Clerk's Office is directed to provide a copy of this Order to the Eighth Circuit Court of Appeals.

[¶ 15]  **IT IS SO ORDERED**.

DATED July 21, 2026.

Daniel M. Traynor, District Judge
United States District Court